19290. WEBSTER HOMES, INC. *v.* ALLEN, *et al.*
19292. ALLEN *v.* WEBSTER HOMES, INC., *et al.*

WYATT, Presiding Justice. 1. The final report of the examiner as amended in the present land-registration case recited that the applicant for registration had shown by her evidence that she had title by prescription to the property sought to be registered, by reason of the fact that her husband until his death and she thereafter had been in open, notorious, and peacable possession of the land in question for more than seven years under color of title, and that she was entitled to have title to the land in question registered as prayed. The intervenors have filed numerous exceptions to the report of the examiner, which cover more than forty-five typewritten pages in a record which is over four hundred typewritten pages in length. Without undertaking to set out this lengthy record in detail, it is sufficient to say that the report of the examiner was based upon evidence, which was uncontradicted, that the husband of the applicant, now deceased, went into possession of the land here

involved in 1943 under a warranty deed from J. D. McElroy to H. A. Allen, husband of the applicant; that McElroy got the land from Clayton County, by quitclaim deed, which had in turn according to recitals in the deed acquired it in 1940 for taxes. The evidence is further undisputed that H. A. Allen until his death and Mrs. H. A. Allen since that time have remained in open, notorious, and peaceable possession of the land until 1953, when this action was brought by her to register her title to the land, alleging title by prescription. While it is conceeded that, because of certain deficiencies in the chain of title to the land involved, applicant's husband did not obtain title to the land involved under his deed, and that the applicant did not acquire title at his death under his will, it is clear that the evidence demanded a finding that she did acquire title by prescription prior to the date the instant action was filed. Certain contentions of the intervenors with reference to the transaction in the chain of title involving Clayton County are not meritorious, because in a former suit between the applicant herein and the heirs of the owners at the time Clayton County acquired the property for taxes, it was decided that the applicant was the owner of the property and that the said heirs had no interest therein. Therefore, the heirs and all those claiming under them are precluded by that judgment from claiming any interest in the land in question. The various other claims set up by the intervenor involving persons not parties to the former suit are not meritorious, for the reason that the record shows on its face that these parties had no interest in the property at the time they executed quitclaim deeds to the intervenor.

2. Since, as ruled above, the evidence demanded a finding that the applicant had acquired title to the property involved by prescription, any errors that might have been committed by the court in affirming the report of the examiner are immaterial and harmless and need not be considered. The judgment of the court below should be affirmed on the main bill of exceptions.

3. It having been ruled above that the judgment of the court below should be affirmed on the main bill of exceptions, the cross-bill of exceptions filed by the defendant in error will be dismissed.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*

Argued April 9, 1956—Decided May 14, 1956.

*Hodges & Wheeler, Edward D. Wheeler,* for Webster Homes, Inc.

*Swift, Pease, Davidson & Chapman,* for party at interest.

*Geo. Starr Peck,* for Allen.